Albert Broeckert, Defendant in Error, v. Morava Construction Company, Plaintiff in Error.

### Gen. No. 14,666.

PERSONAL INJURIES—*who liable for violation of ordinance.* In an action for an injury resulting from the violation of an ordinance regulating protection to be afforded where buildings are being erected, repaired, altered or removed, it is the owner or the general contractor having supervision or control of the building in question who is liable.

Tort. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed November 22, 1909. Rehearing denied December 6, 1909.

JOHN CLARK BAKER, for plaintiff in error.

FELIX J. STREYCKMANS, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff recovered a judgment for $650 against plaintiff in error in the Municipal Court upon the verdict of a jury. The action was of the fourth class in tort and brought against the National Fire Proofing Company and the Morava Construction Company by plaintiff to recover damages for a personal injury to him, which he claims resulted from the negligence of both the companies named. The jury found in favor of the National Fire Proof Company and by their verdict of not guilty eliminated it from the cause.

Plaintiff was a laborer in the employ of the National Fire Proof Company and at the time of being hurt was engaged in moving some planks from an alley into a building which was in course of construction, for the steel work of which the Morava Company had a contract. On the morning of the accident to plaintiff the Morava Company's workmen were engaged in con-

struction work on the third floor. From that floor a piece of so-called "lagging," which was a board or plank about 2" x 4' and 7' in length, fell from the third floor and struck plaintiff "edgeways" on his left hand between the thumb and second finger, crushing the thumb and otherwise injuring his hand.

As this cause must again be tried, we refrain from commenting upon the weight of the evidence, whatever it may be, which may tend to support a recovery against plaintiff in error under its liability at common law, but shall confine such discussion as we may indulge in to the proof, or rather lack of proof, that the Morava Company violated section 728 of the Municipal Code of Chicago, the material part of which is, "All scaffolds erected in this city for use in the erection, repairing, alteration or removal of buildings shall be well and safely supported and of sufficient width and properly secure so as to insure the safety of persons working thereon or passing under the same, and to prevent the falling therefrom of any material that may be used, placed or deposited thereon.

"It shall be the duty of every owner, person or corporation who shall have the supervision or control of the construction of or remodeling of any building having more than three frame floors, whether some or all of such floors are above or below the established street grade, to provide and lay upon the upper side of the joists or girders, or both, of the first floor below the riveters and structural steel workers a plank floor. * * * "

The case as finally given to the jury limited the liability of the Morava Company to its violation of section 728, *supra*. Counsel for plaintiff read the ordinance to the jury, the court in instructing the jury again read it to them, and at a subsequent stage of his instructions repeated a portion of it to the jury. The trial judge concluded his instructions to the jury by saying to them as the final word from the court, "that the only

grounds upon which the plaintiff can recover in this case, if at all, is upon the allegations that defendant violated the ordinance introduced in evidence or some portion thereof."

The court gave the quoted instruction in the place of a similar preceding instruction which he withdrew, omitting therefrom the qualifying words, "and to recover on that ground he must prove that the defendant has the control or supervision of the construction of the building. * * * " To so prove was the burden of plaintiff before he could recover damages. The instruction as first given stated the legal proposition with accuracy; its withdrawal was prejudicial to defendant, and the giving of the final instruction reversible error. The ordinance being subversive of the common law, nothing necessary to a recovery can be presumed, but that which is made essential to a recovery by the ordinance must be established by affirmative proof before a recovery can be sustained. The persons liable under the ordinance are "every owner, person or corporation who shall have the supervision or control of the construction of or remodeling of any building," etc. There is no evidence that the Morava Company was owner or had supervision or control of the building. It was not a general contractor, but contractor for the steel construction work. There is no evidence that there was any general contractor, and for aught that appears to the contrary the owner may not have employed any general contractor, but have let the contracts for work and material entering into the building himself. The persons liable for a violation of the ordinance are the owners and persons supervising or in control. The Morava Company was neither owner nor in control or supervision. There is no pretense that it was either. The trial judge seems to have proceeded upon the erroneous theory that notwithstanding the ordinance cast no duty upon the Morava Company and imposed no obligation whatever upon it, yet it might be made responsible for

the policy to Davis, the usee plaintiff, and that no con-

any violation which may have resulted from failure to conform to the ordinance by those charged with that duty by its terms. Such was the trend of the instruction last given to the jury. As said by Mr. Justice Baker in Wells v. Conroy, No. 13719, not reported, ''We do not think sec. 728 of the city ordinance applicable to the facts of this case.'' Grace v. Gallagher, 140 Ill. App. 603.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*